## LORENZO HACKETT AND WIFE *v.* ROLLIN AMSDEN.

### *Husband and Wife. Evidence.*

1. In an action by a wife to recover for her property taken on an execution by her husband's creditor, the declarations of the husband made after the taking, in effect, that he was the owner, are not admissible to rebut his declarations, made before the taking and against his interest, which had been received in favor of the wife.

2. And testimony was not admissible to prove that a witness "had never heard" that the property was claimed to be the wife's.

TRESPASS and trover brought to recover for property claimed to be the sole and separate property of the plaintiff wife, which was sold by the defendant, as sheriff, on an execution against the plaintiff, Lorenzo. Trial by jury, December Term, Windsor County, 1885, TAFT, J., presiding. Verdict for the plaintiffs.

*S. M. Pingree*, for the plaintiffs.

*William E. Johnson*, for the defendant.

The opinion of the court was delivered by

ROYCE, Ch. J. Testimony was introduced by the plaintiffs

tending to show that the property in question in this suit was the separate property of the plaintiff wife, and that the plaintiff husband had on different occasions admitted it to be, or spoken of it as, such separate property. To rebut this the defendant offered to show that *after the taking* of the property the plaintiff husband made different statements, or declarations, as to the ownership.

The action is founded upon a claim of title to the property in question in the plaintiff wife. As a part of the evidence of such title, admissions or declarations of the husband, made while he was living with the wife and in possession and management of the property, before any controversy had arisen, and when his interest would have been in favor of claiming the property as his own, to the effect that the property was in fact the wife's, were admitted. Having thus disclaimed ownership of the property at all times previous to its taking by the defendant, and the case disclosing nothing whatever which has any tendency to prove title or interest in him, we can conceive of no principle of law which would allow the title of the wife— which is the only material thing in issue—to be affected by declarations or statements of the husband after the property had been taken from his possession.

Further than this, the law is well settled that declarations of a party in possession of ·property are admissible *against* but not *in favor of* one claiming title under him in a case of this character. 1 Phil. Ev. 312, and notes.

: ·The offer to show by a witness that he resided near the plaintiffs', and. "had never heard" that the property was claimed to be .the wife's was clearly inadmissible. Such evidence could have no tendency whatever to prove that the title was or was not in the wife, and was properly rejected. *Crawford* v. *Ryan* (Pa.), 5 Cent. Rep. 900.

The judgment is affirmed.